# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MATTHEW REASON**, | Case No. 2:14-cv-01852-SU |
| Petitioner, | **ORDER** |
| v. | |
| **JERI TAYLOR**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on April 8, 2019. ECF 120. Magistrate Judge Sullivan recommended that the Petition for Writ of Habeas Corpus (ECF 1) should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection, listing several sentences in the Findings and Recommendation to which he objected. ECF 122. The Court has reviewed *de novo* those portions of Magistrate Judge Sullivan's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. The Court agrees with Judge Sullivan's reasoning regarding the denial of the Writ of Habeas Corpus and ADOPTS those portions of the Findings and Recommendation.

Petitioner takes issue with Judge Sullivan's (and the post-conviction review (PCR) court's) conclusion that trial counsel's failure to obtain an expert witness on child suggestibility was reasonable because trial counsel consulted with one expert, who described Petitioner's case as, "Ouch, bad facts." The expert witness whom trial counsel consulted with stated that he did

not see problems with suggestibility and stated that there was no favorable opinion he could give. Trial counsel reasonably decided that an expert witness would do more harm to petitioner's case on cross examination by the prosecutor and declined to retain an expert.

Petitioner also objected to Judge Sullivan's conclusion that the PCR court acted reasonably in denying Petitioner's argument that his trial counsel was ineffective because she failed to object more than once on the grounds of vouching testimony and move for a new trial. Judge Sullivan correctly noted that Petitioner's trial counsel did object on vouching grounds, but her objection was overruled, and it was a reasonable trial strategy not to repeatedly make the same objection that the judge had just overruled. Furthermore, the underlying issue of whether the challenged statements constituted vouching testimony is an issue of state law. *See Easter v. Mills*, 239 Or. App. 209, 243 (2010). Thus, the PCR court did not unreasonably apply clearly established *federal* law.

Finally, Petitioner objected to Judge Sullivan's conclusion that a witness's diagnosis of sexual abuse in the absence of physical evidence to support such a diagnosis amounted to impermissible vouching testimony. First, the Court notes that there was physical evidence of abuse in this case, so cases such as *State v. Southard*, 347 Or. 127 (2009), which held that a medical diagnosis of sexual abuse in the absence of physical evidence is impermissible, are not dispositive. See ECF 120 at 11 n.2. Additionally, whether or not a witness's testimony constituted impermissible vouching is a question of state law.

For those portions of Magistrate Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation, ECF 120. Petitioner's Petition for a Writ of Habeas Corpus (ECF 1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 2nd day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge